UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY      :
COMMISSION,                       :    CIVIL ACTION NO.
                                  :
       **Plaintiff,**          :
                                  :
       v.                      :    **COMPLAINT AND**
                                  :    **JURY DEMAND**
FOUNDERS PAVILION, INC. d/b/a     :
FOUNDERS PAVILION,                :
                                  :
       **Defendant.**          :
------------------------------------------------------------x

      This is an action under the Genetic Information Nondiscrimination Act of 2008 ("GINA"), the Americans with Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 (collectively "Title VII") to correct unlawful practices on the basis of genetic information, disability, and pregnancy, and to provide appropriate relief to applicants and employees who were affected by such unlawful practices. As alleged with greater particularity below, Founders Pavilion, Inc. ("Founders"), a nursing home and rehabilitation facility, (1) requires a class of applicants and employees to provide genetic information in response to questions about family medical history, in violation of GINA, (2) terminated two individuals it regarded as disabled, and terminated one disabled individual after failing to provide her a reasonable accommodation during her probationary period, all in violation of the ADA, and (3) refused to hire one woman, withdrew an offer of employment to a second woman, and terminated a third woman because they were pregnant, in violation of Title VII. Defendant also failed to post the poster and file EEO-1 forms required by Equal Employment Opportunity Commission regulations.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-6; Section 207(a) of GINA, and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporate the afore-cited provisions of Title VII.  This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, GINA, and Title I of the ADA, and is expressly authorized to bring this section by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3) and (6), which is incorporated by reference into Section 207(a) of GINA, 42 U.S.C. §§2000ff-(6)(a), and Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

4. At all relevant times, Founders has continuously been a non-profit corporation doing business in the State of New York and the County of Steuben, and has continuously employed at least fifteen employees.

5. At all relevant times, Founders has continuously been an employer engaged in an industry affecting commerce under Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000-e(g) and (h), which is incorporated by reference by Section 101(5) of the ADA, 42 U.S.C. § 12111(5)

and Section 101(7) of the ADA, 42 U.S.C. §12111(7), as well as Section 201(2)(B)(i) of GINA, 42 U.S.C. §2000ff-2(B)(i).

6. At all relevant times, Founders has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Vicki Randall Hall filed a charge with the Commission alleging violations of GINA, the ADA, and Title VII by Founders. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least November 21, 2009, Founders has engaged in a pattern or practice of employment practices made unlawful by GINA. Specifically, Founders requests family medical history as part of its pre-employment, return-to-work and annual medical exams of its staff in violation of Sections 201(3), 201(4), and 202(b) of GINA, 42 U.S.C. §2000ff(3), §2000ff(4), and §2000ff-1(b).

9. Founders violated Section 102 of the ADA, 42 U.S.C. §12112, by terminating Vicki Randall Hall and Gale Fontenot because it perceived them to be disabled, and terminating Julie Vanderhoff after failing to provide her a reasonable accommodation, as follows:

    a) On December 8, 2008, Founders hired Vicki Randall Hall as a Certified Nurse Assistant ("CNA") at Founders.

    b) On January 26, 2009, Hall told her supervisor that she was going to see a chiropractor later that day for a light back strain.

    c) That same day Founders suspended Hall from employment.

    d) That same day Hall's personal doctor wrote a brief note indicating that Hall was able to work.

e)      On January 29, 2009, Hall saw a doctor at Guthrie Corning Hospital, which is used by Founders to conduct medical exams for its employees.  Founders's doctor told Hall that he would not issue an opinion until he received further information from her personal doctor.

f)      On February 2, 2009, Hall's personal doctor wrote a second note clarifying that she had not been treated for any previous back injury and that she was able to work without restrictions.

g)      On February 2, 2009, Founders fired Hall.  In the termination letter sent to Hall, Founders stated that it fired her because of its "concern [about] the risk that may exist both for [her] and the residents of Founders."

h)      Founders hired Gale Fontenot as a CNA in May 2010.

i)      Founders did not give Fontenot a pre-employment physical exam until a few days after she began work.

j)      In May 2010, Founders sent Fontenot to its doctor at Guthrie Corning Hospital. When Founders's doctor touched Fontenot's back, he diagnosed a back injury based on a "heightened startle" response.

k)      Solely because Founders's doctor said she had a back injury, Fontenot sought treatment at a local emergency room.  Emergency room staff told Fontenot she was not injured and gave her a note to that effect.

l)      When Fontenot tried to return to work, Founders refused to accept the note from the emergency room and terminated her based on her perceived disability.

m)      Julie Vanderhoff has a disability for which she requires extra time to learn tasks.

n)  Vanderhoff received additional time when studying for and taking the tests to become a CNA, and is licensed as a CNA.

o)  Founders hired Vanderhoff as a CNA on or around April 30, 2010.

p)  Founders refused to accommodate Vanderhoff with additional time to learn her job duties because she was a probationary employee.

q)  Founders fired Vanderhoff on or around June 8, 2010.

10.  Since at least June 2008, Founders has violated Title VII of the Civil Rights of 1964, 42 U.S.C.§2000 *et seq.*, by refusing to hire Caitlin Doolittle, withdrawing an offer of employment to Rebecca Stuart, and terminating Chelsea Cussins, because they were pregnant, as follows:

a)  Doolittle, a CNA, was six months pregnant when she applied for employment at Founders in or around March 2009.

b)  Founders met with Doolittle, but did not offer her a position while noting in its applicant flow log that Doolittle was "too pregnant."

c)  In June 2008 Founders offered Stuart a CNA position.

d)  When Stuart went for a pre-employment physical at Guthrie Corning Hospital, Founders's doctor learned that Stuart had just become pregnant.

e)  Founders's doctor indicated that Stuart had a high-risk pregnancy and placed her on a ten-pound lifting restriction.  Based on this, Founders withdrew its offer to Stuart.

f)  Stuart was under the care of her own doctor who indicated that she did not have a high-risk pregnancy and did not have a ten-pound lifting restriction.

g)  After Stuart gave birth, Founders hired Stuart.

h)  Founders hired Cussins as a nursing assistant in June 2007.

    i)      Founders terminated Cussins in June 2011, shortly before she had an emergency caesarean section.

    j)      Founders rehired Cussins in December 2011.

11.    Since at least November 21, 2009, Founders failed, in violation of Section 207(a) of GINA, 42 U.S.C. § 2000ff-6(a), which incorporates by reference Section 711 of Title VII, 42 U.S.C. §2000e-10, to post and keep posted notices that have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of GINA and information pertinent to the filing of a charge or complaint.

12.    Since at least March 30, 2007, Founders failed, in violation of Section 709(c) of Title VII, 42 U.S.C. §2000e-8(c) and 29 C.F.R. §1602.12, to create, maintain, and file EEO-1 reports.

13.    The effect of the practices complained of in paragraph 8 above has been to deprive a class of individuals of equal employment opportunities and otherwise adversely affect their status as employees because of genetic information.

14.    The effect of the practices complained of in paragraph 9 above has been to deprive Vanderhoff, Hall, and Fontenot of equal employment opportunities and otherwise adversely affect their status as employees because of disability.

15.    The effect of the practices complained of in paragraph 10 above has been to deprive Doolittle, Stuart, and Cussins of equal employment opportunities and otherwise adversely affect their status as employees because of pregnancy.

16.    The effect of the practices complained of in paragraphs 8-10 above has been to inflict emotional pain, suffering, and inconvenience upon a class of employees who provided genetic information to Founders, as well as to Vanderhoff, Hall, Fontenot, Doolittle, Stuart, and

Cussins.

17.	The unlawful employment practices complained of above were intentional.

18.	The unlawful employment practices complained of above were done with malice and reckless disregard for federally protected rights of a class of employees who provided genetic information to Founders, as well as to Vanderhoff, Hall, Fontenot, Doolittle, Stuart, and Cussins.

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Founders, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of genetic information.

B.	Grant a permanent injunction enjoining Founders, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

C.	Grant a permanent injunction enjoining Founders, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of pregnancy.

D.	Order Founders to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals regardless of their genetic information and eradicate the effects of its past and present unlawful employment practices based upon genetic information.

E.	Order Founders to institute and carry out policies, practices, and programs that

provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

  F. Order Founders to institute and carry out policies, practices, and programs that provide equal employment opportunities for pregnant women and that eradicate the effects of its past and present unlawful employment practices.

  G. Order Founders to make whole persons who provided family medical history by providing appropriate compensatory and punitive relief, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  H. Order Founders to make whole Hall, Fontenot, Vanderhoff, Doolittle, Stuart, and Cussins by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement.

  I. Order Founders to make whole Hall, Fontenot, Vanderhoff, Doolittle, Stuart, and Cussins by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

  J. Order Founders to make whole Hall, Fontenot, Vanderhoff, Doolittle, Stuart, and Cussins by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self- esteem, and humiliation, in amounts to be determined at trial.

  K. Order Founders to make whole Hall, Fontenot, Vanderhoff, Doolittle, Stuart, and Cussins by providing punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial.

      L.      Order Founders to post and keep posted the notices required by Section 105 of the ADA, 42 U.S.C. § 12115 and 42 U.S.C. § 2000ff-6(a), which incorporates by reference Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a).

      M.     Order Founders to create, maintain, and file EEO-1 reports required by Section 709(c) of Title VII, 42 U.S.C. §2000e-8(c), Section 207(a) of the ADA, 42 U.S.C. § 2000ff-6(a), which incorporates by reference Section 711 of Title VII, and 29 C.F.R. §1602.12.

      N.     Grant such further relief as the Court deems necessary and proper in the public interest.

      O.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: May 16, 2013

                                              Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
131 M Street, N.E.
Washington, D.C.  20507

 s/ Elizabeth Grossman_____
Elizabeth Grossman
Regional Attorney


   Raechel Adams_____
Raechel Adams
Supervisory Trial Attorney


   Michael J. O'Brien_____
Michael J. O'Brien
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York  10004
tel:     212-336-3696
fax:    212-336-3623
e-mail: Elizabeth.grossman@eeoc.gov